893 F.2d 1334
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Louis BROOKS, Jr., Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 89-1293.
 United States Court of Appeals, Sixth Circuit.
 Jan. 22, 1990.
 
 Before BOYCE F. MARTIN, Jr. and WELLFORD, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 Louis Brooks, Jr., a federal prisoner proceeding pro se and in forma pauperis, appeals the order of the district court dismissing his motion to set aside sentence filed pursuant to 28 U.S.C. Sec. 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Brooks pleaded guilty to knowingly transferring and aiding and abetting the transfer of a false identification document, 18 U.S.C. Sec. 1028(a)(2), and knowingly possessing with intent to use unlawfully, five or more false identification documents, 18 U.S.C. Sec. 1028(a)(3).
 
 
 3
 The district court denied Brooks's motion to vacate sentence. On appeal from the district court's denial, Brooks argues that a Michigan Driver's License Application is not an "identification document" pursuant 18 U.S.C. Sec. 1028; that the Application lacks the required interstate commerce nexus; and that the imposed sentence constitutes cruel and unusual punishment.
 
 
 4
 Upon review, we find no error. Therefore, we affirm the district court's denial.
 
 
 5
 A Michigan Driver's License Application is an identification document within the letter and intent of the statute. The Application serves as a temporary driver's license. It contains an individual's full name, date of birth, address, place of residence, information required or permitted on the license pursuant to Michigan Law, and the signature of the applicant. Michigan Stat.Ann. Sec. 9.2007 (Callaghan 1981). In addition, its production has some effect upon interstate commerce. United States v. Gros, 824 F.2d 1487, 1494-95 (6th Cir.1987).
 
 
 6
 Finally, Brooks's sentence does not constitute cruel and unusual punishment. He pleaded guilty pursuant to a Fed.R.Crim.P. 11 plea agreement and the sentence is within the statutory limits. The sentence is unreviewable. See Dorszynski v. United States, 418 U.S. 424, 431 (1974).
 
 
 7
 Accordingly, for the reasons set forth in the district court's memorandum opinion dated February 10, 1989, the order of the court denying Brooks's motion is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.